UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>OYOTOYO, INC, *et al.,*<br><br>Debtors | Chapter 11<br><br>Case No. 17-41261-EDK<br>(Jointly administered) |

**ORDER ALLOWING AMENDED APPLICATION TO EMPLOY JEFFREY D. STERNKLAR LLC AS COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION OYO SPORTSTOYS, INC. AND APPROVING AND AUTHORIZING PAYMENT OF POSTPETITION RETAINER**

Upon the application (the "Application") of OYO Sportstoys, Inc. ("OYO SPORTS" or the "Debtor"), the debtor in the above-captioned bankruptcy case, as amended, for entry of an order, pursuant to sections 327, 328(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of this Court, authorizing OYO Sports to retain and employ Jeffrey D. Sternklar LLC ("JDSLLC"), *nunc pro tunc* to the July 30, 2017 (the "Petition Date"), and upon the Declaration of Jeffrey D. Sternklar, Esq., the owner and sole attorney at JDSLLC, (the "Sternklar Declaration"); and the Court finding, based on the representations made in the Application and the Sternklar Declaration, that JDSLLC does not hold or represent any interest adverse to the OYO SPORTS or its bankruptcy estate, that it is a "disinterested person" as that term is defined in section 101 (14) of the Bankruptcy Code; that its retention and employment is necessary and in the best interests of OYO SPORTS and its bankruptcy estate; that adequate notice of the Application has been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED that the Application is ALLOWED to the extent provided herein; and it is